PER CURIAM.
Appellants petitioned the court below to declare an easement for electric power lines and for ingress and egress to a five-acre parcel over land belonging to appellee. The trial court found that a deed from a common predecessor in title had created an express easement, albeit in general terms, and rejected appellee’s claim that the easement had been extinguished. The parties presented the trial court with two possible means of access to the parcel in question. We affirm the trial court’s decision in every respect except for the location of the easement.
While the location chosen by the trial court has been the route employed by appellants in the past, it involves an extended traverse of a third party’s property. After crossing appel-lee’s property, appellants have been driving approximately a mile over a third party’s land in order to reach the five-acre parcel. The easement with which appellee’s property is encumbered properly has as a terminus the parcel to which appellants were granted access. The road across appellee’s land that appellants have been using leaves her land some distance from the parcel to which the easement was granted.
In the proceedings below, appellants proposed that the easement be located across the northern edge of appellee’s property. Because this is the only route proposed by the parties which reaches the parcel in question without traversing a third party’s land, we conclude that the case should be remanded and appellants be given an opportunity to meet the condition of constructing and maintaining a suitable road which would, under the terms of the deed granting the easement, perfect their right to an easement along that corridor. The portion of the existing road that crosses appellee’s land is longer than the alternative appellants propose.
On remand, appellants should be given a reasonable time, preferably a date certain, after which time the easement will be extinguished if appellants fail to construct a suitable roadway. Although we leave to the trial court the decision as to the width of the *1274 easement, the easement should run aoross the northern edge of appellee’s property, as proposed.
Accordingly we AFFIRM in part, REVERSE in part, and REMAND.
ERVIN, MINER and BENTON, JJ., concur.